IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PLAINTIFF(S)<br>David Sapp | ) | CIVIL ACTION No.: |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | (JURY TRIAL DEMANDED) |
| DEFENDANT(S)<br>DMA Industries, LLC | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff David Sapp, by and through counsel, brings this action against Defendant DMA Industries, LLC, and alleges as follows:

## I.        INTRODUCTION

1.        This is an action for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Defendant recruited Plaintiff—a seasoned automotive professional with more than two decades of experience—and induced him to relocate to South Carolina with the promise of a long-term role. Plaintiff performed well, was entrusted with significant responsibilities, and was promoted.

2.        Within months, however, Plaintiff was stripped of that role, placed back under a hostile supervisor, denied opportunities and flexibility routinely afforded to female coworkers, and ultimately terminated. Defendant now attempts to justify its actions with shifting explanations, including a purported "metadata" analysis and belated allegations of coworker discomfort—neither of which were documented or raised contemporaneously.

3.        The record will show that similarly situated female employees were treated more favorably, that Plaintiff was denied equal terms and conditions of employment, and that he was terminated shortly after opposing that unequal treatment. Defendant's proffered reasons are pretext for discrimination and retaliation.

## II.        JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5. Venue is proper in this District under 28 U.S.C. § 1391 because the unlawful employment practices occurred in South Carolina.

6. Plaintiff timely filed a Charge of Discrimination with the EEOC (Charge No. 436-2025-01775) and received a Notice of Right to Sue dated May 29, 2026. This action is filed within ninety (90) days of receipt.

### III.    PARTIES

7. Plaintiff David Sapp is a resident of South Carolina and was employed by Defendant.

8. Defendant DMA Industries, LLC is a company doing business in South Carolina and is an "employer" within the meaning of Title VII whose principal place of business is in Loris, South Carolina

### IV.    FACTUAL ALLEGATIONS

9. Plaintiff is a highly experienced professional with more than twenty years in the automotive industry, including catalog development, cross-referencing, and pricing strategy.

10. Defendant recruited Plaintiff for his expertise and paid for his relocation to South Carolina.

11. As part of that relocation, Plaintiff agreed to remain employed with Defendant for a defined period, and reasonably relied on Defendant's representations of stable, long-term employment.

12. Plaintiff performed his duties competently and was entrusted with significant responsibilities, including collaborative pricing and catalog projects and customer-facing work.

13. Plaintiff was never disciplined and had no record of misconduct during his employment.

14. In late 2024, Plaintiff was promoted to a higher-level role within Defendant's operations.

15. Shortly thereafter, Plaintiff was removed from that role and reassigned under a supervisor, Jordan, who had previously expressed hostility toward his advancement.

16. Following this reassignment, Plaintiff experienced a marked and sustained change in treatment, including exclusion from meetings, reduction in responsibilities, diminished visibility, and isolation from coworkers.

17. This pattern of conduct created an environment in which Plaintiff was marginalized and treated less favorably than his female counterparts.

18. Plaintiff sought advancement opportunities, including roles aligned with product management and strategic account responsibilities.

19. Defendant denied Plaintiff these opportunities and instead hired and promoted a less experienced female employee, Kate Zelensky, who lacked Plaintiff's industry background.

20. Plaintiff was required to train and mentor Ms. Zelensky, despite being denied consideration for the role she ultimately received.

21. Defendant's failure to consider Plaintiff for promotion, while advancing a less qualified comparator, was not based on legitimate business reasons.

22. Female coworkers, including Tiffany and Elizabeth, were routinely granted flexibility in scheduling and work arrangements.

23. On February 3, 2025, Plaintiff requested similar flexibility.

24. Defendant denied Plaintiff's request and required him to take unpaid leave or use future vacation time.

25. Plaintiff objected to this unequal treatment.

26. Defendant's conduct reflects unequal terms and conditions of employment based on sex.

27. Later in February 2025, while Plaintiff was on vacation, a pricing file was submitted to a client.

28. Multiple employees contributed to the file.

29. Upon Plaintiff's return, Defendant attributed alleged errors in the file to Plaintiff alone.

30. Defendant did not discipline, investigate, or otherwise hold accountable other contributors.

31. Defendant terminated Plaintiff on March 3, 2025.

32.     Defendant has offered inconsistent explanations for Plaintiff's termination, including alleged performance deficiencies, coworker complaints, and purported metadata analysis.

33.     Defendant did not document these issues contemporaneously and did not follow progressive discipline.

34.     Allegations of coworker discomfort were not raised until immediately before termination and were never investigated or substantiated.

35.     Defendant's explanations are pretext for discrimination and retaliation.

## V. CAUSES OF ACTION

### COUNT I
### Sex Discrimination (Title VII)

36.     Plaintiff incorporates all prior paragraphs.

37.     Plaintiff was treated less favorably than similarly situated female employees in terms of advancement, flexibility, discipline, and termination.

38.     Defendant's actions constitute discrimination on the basis of sex.

### COUNT II
### Retaliation (Title VII)

39.     Plaintiff incorporates all prior paragraphs.

40.     Plaintiff engaged in protected activity by opposing unequal treatment.

41.     Defendant terminated Plaintiff shortly thereafter.

42.     Defendant's actions constitute unlawful retaliation.

### COUNT III
### Hostile Work Environment (Title VII)

43.     Plaintiff incorporates all prior paragraphs.

44.     Defendant subjected Plaintiff to a pattern of conduct including exclusion, isolation, diminished responsibilities, and differential treatment.

45.     This conduct was based on Plaintiff's sex and was sufficiently severe or pervasive to alter the terms and conditions of employment.

## COUNT IV
### Discriminatory Terms and Conditions of Employment (Title VII)

46.     Plaintiff incorporates all prior paragraphs.

47.     Defendant imposed unequal terms and conditions of employment on Plaintiff, including denial of flexibility, reduction in responsibilities, and exclusion from opportunities.

48.     These actions were taken because of Plaintiff's sex.

## COUNT V
### Failure to Promote (Title VII)

49.     Plaintiff incorporates all prior paragraphs.

50.     Plaintiff was qualified for advancement opportunities but was denied those opportunities.

51.     Defendant instead promoted a less qualified female employee.

52.     Defendant's actions constitute unlawful discrimination.

## COUNT VI
### Mixed-Motive Discrimination (Title VII)

53.     Plaintiff incorporates all prior paragraphs.

54.     Even if Defendant had legitimate reasons for its actions, Plaintiff's sex was a motivating factor in the adverse employment decisions.

## COUNT VII
### Breach of Contract / Promissory Estoppel (State Law)

55.     Plaintiff incorporates all prior paragraphs.

56.     Defendant induced Plaintiff to relocate with promises of stable, long-term employment.

57.     Plaintiff reasonably relied on those promises to his detriment.

58.     Defendant breached those promises by terminating Plaintiff without cause.

## COUNT VIII
### Negligent Supervision and Retention (State Law)

59.     Plaintiff incorporates all prior paragraphs.

60.     Defendant knew or should have known of the discriminatory conduct of its supervisors.

61.     Defendant failed to take appropriate corrective action.

62.     Plaintiff suffered damages as a result.

## VI. DAMAGES

63.     Plaintiff has suffered lost wages, lost benefits, emotional distress, and other damages along with attorney's fees and costs.

64.     Defendant's conduct entitles Plaintiff to compensatory and punitive damages.

## VII. PRAYER FOR RELIEF

65.     **WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff;
b. Award back pay, front pay, and lost benefits;
c. Award compensatory and punitive damages;
d. Award attorney's fees and costs;
e. Grant such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

66.     Plaintiff demands a trial by jury.

**RESPECTFULLY SUBMITTED:**

**The Whitsitt Law Firm**

/s Michael A. Whitsitt
Fed. Bar Number #12505
78 Folly Road Suite B9
#1405
Charleston, South Carolina 29407
*Attorney for Plaintiff*

**On May 6, 2026**